IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSET LUGO,

    Plaintiff                                                                           CASE NO.:

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), by and through its undersigned counsel, hereby files its Notice of the Removal of this cause to the United States District Court for the Middle District of Florida, Orlando Division, and states as grounds for such removal the following:

## TIMELY NOTICE OF REMOVAL

1. On November 16, 2021, Plaintiff, SUSET LUGO ("PLAINTIFF"), filed this action in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, 2021-CA-052500 ("State Action").

2. On December 8, 2021, SCOTTSDALE was served with a Summons and copy of the Complaint in connection with the State Action. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings are attached hereto as **Composite Exhibit "A"** as follows:

    1.    Complaint and Demand or Jury Trial

2. Plaintiff's Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative (s) Pursuant to Rule 1.310(b)(6)

3. Plaintiff's Notice of First Interrogatories to Defendant;

4. Plaintiff's Request for Admissions;

5. Plaintiff's Request for Production;

6. Proposed Summons to be issued;

7. Summons issued via e-mail to attorney;

8. SCOTTSDALE's Notice of Appearance of Counsel;

9. SCOTTSDALE's Motion for Extension of time to respond to the Complaint;

10. SCOTTSDALE's Notice of Removal to Opposing Counsel;

11. Certification and Notice of Filing Notice of Removal.

3. This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Orlando Division, the court for the district and division which embraces the state court where the removed State Action was pending, and is filed within the time provided for the removal of actions to the United States District Court. *See* 28 U.S.C § 1446(b).

## VENUE

4. Venue is proper in the United States District Court for the Middle District of Florida, Orlando division, because the state court action originated in Brevard

County, Florida, and is filed within the time provided for the removal of actions to the United States District Court. *See* 28 U.S.C. § 1446(b).

## JURISDICTION

5. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff on the one hand and Defendant on the other are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

6. According to the allegations in the Complaint, Plaintiff, Suset Lugo, obtained an insurance policy, number HOS1283289, that forms the basis for this action. *See* Complaint, ¶ 2. A copy of the insurance policy is attached to the Complaint as **Exhibit "B"**.

7. Plaintiff, Suset Lugo is a Florida resident with residence at 3175 Fell Road, Melbourne, FL 32904.

8. For purposes of determining diversity of citizenship, an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130

S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center'").

9. According to the Property Appraiser's website for Brevard County, Florida, PLAINTIFF owns the insured property with a homestead exemption in Brevard County, Florida and, therefore, is a citizen of the state of Florida. A copy of the detailed report showing the homesteaded exemptions on the Office of the Property Appraiser's website is attached as **Exhibit "C."**

10. At all times material to this action, SCOTTSDALE was and is incorporated in the State of Ohio with its principal place of business in the State of Ohio. Accordingly, at all times material to this action, SCOTTSDALE is a citizen of Ohio. SCOTTSDALE is not a citizen of or incorporated in the State of Florida and does not have its principal place of business in the State of Florida. At all times material to this action, SCOTTSDALE has been a foreign corporation doing business in Florida.

11. Thus, complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

12. PLAINTIFF sued SCOTTSDALE for breach of the insurance policy by alleging failure to adjust the loss per the terms of the policy and to pay the sums

claimed in Plaintiff's pre-suit settlement demand. *See* **Composite Exhibit A-2**, at Complaint ¶¶ 9, 10, 15, 16.

13. Prior to filing suit, PLAINTIFF, through her public adjuster, provided a repair estimate prepared by Pinnacle Claim Services, totaling $178,210.66. *See* the public adjuster's estimate, attached hereto as **Exhibit "D"**

14. On March 25, 2021 Plaintiff executed a Sworn Statement in Proof of Loss, in the amount of $177, 210.66, and later submitted it to SCOTTSDALE, through her Public Adjuster. *See* **Exhibit "E".**

15. On September 21, 2021, the insured now Plaintiff filed a Notice of Intent to Initiate Litigation with the Department of Financial Services, demanding a total of $178,211.00, of which $5,000.00 were attributed to attorney's fees. *See* **Exhibit "F"**, Notice of Intent No. 6682 accepted September 21, 2021.

16. The applicable deductible under the subject policy of insurance is $1,000.00.

17. SCOTTSDALE issued a payment for $4,442.38 to PLAINTIFF in relation to the investigation of the subject claim, but did **not** extend coverage for the reported loss. See Decision Letter, attached herein as **Exhibit "G"**.

18. Thus, the amount in controversy in this fully denied claim is $177,211.00 (after factoring in the deductible), which is in excess of $75,000.00, exclusive of interests and costs.[1]

---

[1] SCOTTSDALE's pre-suit payment did not constitute a confession of coverage and the claim was wholly denied. In the event that the payment were to be factored into the amount in

19.     This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as PLAINTIFF and SCOTTSDALE are citizens of different states and the amount in controversy exceeds the $75,000.00 threshold, exclusive of interest and costs.

20.     SCOTTSDALE has noticed the adverse party, PLAINTIFF, of this Removal by notifying PLAINTIFF'S attorney of record.  *See* **Composite Exhibit "A" at subsection 10.**

21.     SCOTTSDALE has filed a written notice with the Clerk of the Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida in compliance with 28 U.S.C § 1446 (d).  *See* **Composite Exhibit "A" at subsection 11**.

**WHEREFORE**, the Defendant requests that this Court exercise jurisdiction over this matter based on complete diversity of citizenship, and any further relief this Court deems just and proper.

Respectfully submitted.

---

controversy analysis, the amount in dispute would be $172,768.62, which is still in excess of $75,000.00. (Pre-suit demand of $178,211.00, minus deductible of $1,000.00, minus payment of $4,442.38).

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/Thaïs Passerieu
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
THAIS PASSERIEU, ESQ.
Florida Bar No.: 1003091
tpasserieu@butler.legal
Secondary   knieman@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, the foregoing was filed with the Clerk of the Court via the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been furnished this day via Electronic Mail to:

Kevin Weisser, Esquire
Weisser Elazar & Kantor, PLLC
800 East Broward Blvd., Suite 510
Fort Lauderdale, FL 33301
Email: KW@WEKLaw.com
       JK@WEKLaw.com
       DG@WEKLaw.com

/s/Thaïs Passerieu
THAIS PASSERIEU, ESQ.